UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE GRACE RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SESSIONS HARRIS, Clerk of the Supreme Court of the United States,<br><br>Defendant. | Civil Action No. 26-2319 (DLF) |

**MOTION TO DISMISS AND**
**MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

Table of Contents ..... i

Table of Authorities ..... ii

Background ..... 1

Legal Standards ..... 1

I. Dismissal Pursuant to Rule 12(b)(1) ..... 1

II. Dismissal Pursuant to Rule 12(b)(5) ..... 2

III. Dismissal Pursuant to Rule 12(b)(6) ..... 3

Argument ..... 4

I. Insufficient Service of Process Warrants Dismissal. ..... 4

II. Alternatively, Plaintiff's Amended Complaint Should be Dismissed Under Rules 12(b)(1) or 12(b)(6). ..... 6

Conclusion ..... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akhan v. United States*, Civ. A.,
No. 22-3812 (TSC), 2023 U.S. Dist. LEXIS 95747 (D.D.C. June 1, 2023) .... 7
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .... 3
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .... 3
*Best v. Kelly*,
39 F.3d 328 (D.C. Cir. 1994) .... 7
*Bond v. Dep't of Just.*,
828 F. Supp. 2d 60 (D.D.C. 2011) .... 2
*Brown v. District of Columbia*,
514 F.3d 1279 (D.C. Cir. 2008) .... 2
*Carter v. Kendall*,
Civ. A. No. 23-0210, 2024 WL 289332 (M.D. Ga. Jan. 25, 2024) .... 5
*Cruz-Packer v. District of Columbia*,
539 F. Supp. 2d 181 (D.D.C. 2008) .... 2
*Dep't of Homeland Sec.*,
507 F. Supp. 3d 228 (D.D.C. 2020) .... 3
*Fuqua v. Turner*,
996 F.3d 1140 (11th Cir. 2021) .... 5
*Hagans v. Lavine*,
415 U.S. 528 (1974) .... 6, 7
*Hannis Distilling Co. v. Baltimore*,
216 U.S. 285 (1910) .... 7
*In re Marin*,
956 F.2d 339 (D.C. Cir. 1992) .... 8
*Jiggetts v. District of Columbia*,
319 F.R.D. 408 (D.D.C. 2017) .... 4
*Johnson-Richardson v. Univ. of Phoenix*,
334 F.R.D. 349 (D.D.C. 2020) .... 5
*Joorabi v. Pompeo*,
464 F. Supp. 3d 93 (D.D.C. 2020) .... 3
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) .... 2
*Levering & Garrigues Co. v. Morrin*,
289 U.S. 103 (1933) .... 6
*Light v. Wolf*,
816 F.2d 746 (D.C. Cir. 1987) .... 3
*Mann v. Castiel*,
681 F.3d 368 (D.C. Cir. 2012) .... 2, 5

*Miller v. Harris*,
599 F. App'x 1 (D.C. Cir. 2015) .... 7
*Morris v. Wilmington Sav. Fund Soc'y*,
360 F. Supp. 3d 363 (W.D. Va. 2018) .... 5
*Morrissey v. Mayorkas*,
17 F.4th 1150 (D.C. Cir. 2021) .... 2, 4, 5, 6
*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) .... 2, 3
*Newburyport Water Co. v. Newburyport*,
193 U.S. 561 (1904) .... 6
*Newby v. Obama*,
681 F. Supp. 2d 53 (D.D.C. 2010) .... 6
*Oviedo v. Washington Metro. Area Transit Auth.*,
948 F.3d 386 (D.C. Cir. 2021) .... 4
*Papsan v. Allain*,
478 U.S. 265 (1986) .... 3
*Rann v. Chao*,
154 F. Supp 2d 61 (D.D.C. 2001) .... 2
*Reddy v. O'Connor*,
520 F. Supp. 2d 124 (D.D.C. 2007) .... 7, 8
*Shuler v. United States*,
531 F.3d 930 (D.C. Cir. 2008) .... 2
*Sindram v. Suda*,
986 F.2d 1459 (D.C. Cir. 1993) .... 7
*Smith Thompson v. District of Columbia*,
657 F. Supp. 2d 123 (D.D.C. 2009) .... 3
*Staggs v. Smith & Wesson*, Civ. A.,
No. 21-2535 (JEB), 2022 WL 444110 (D.D.C. Feb. 14, 2022) .... 5
*Stallard v. Goldman Sachs Grp.*, Civ. A.,
No. 20-2703 (RBW), 2022 WL 59395 (D.D.C. Jan. 6, 2022) .... 2
*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) .... 2
*Tooley v. Napolitano*,
586 F.3d 1006 (D.C. Cir. 2009) .... 6
*White v. United States*,
791 F. Supp. 2d 156 (D.D.C. 2011) .... 2

**Statutes**

28 U.S.C. §§ 1442(a)(1) .... 1

**Rules**

Fed. R. Civ. P. 4(c)(2) .... 5
Fed. R. Civ. P. 4(i)(1) .... 4
Fed. R. Civ. P. 4(i)(1)(A) .... 5
Fed. R. Civ. P. 4(i)(2) .... 4

Fed. R. Civ. P. 4(m) ........................................................................................................ 6
Fed. R. Civ. P. 12(b)(5)........................................................................................... 2, 4, 6
Federal Rule of Civil Procedure 8(a) ..................................................................................... 3

Defendant, Scott S. Harris ("Harris"), in his official capacity as the Clerk of the Supreme Court of the United States ("Supreme Court"), respectfully moves to dismiss Plaintiff Suzette Grace Rodriguez's Amended Complaint (ECF No. 8, "Am. Compl.").As an initial matter, Plaintiff failed to properly serve the United States in this action, warranting dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(5). But setting the defective service aside, the Amended Complaint is also subject to dismissal pursuant to Rules 12(b)(1) and (6) because Plaintiff's claims are patently insubstantial, fail to establish that this Court has subject matter jurisdiction, and fail to state a claim upon which relief may be granted. Accordingly, as it would be futile to extend the time for Plaintiff to effectuate service, this case should be dismissed.

## BACKGROUND

On May 13, 2026, Plaintiff initiated a civil action against Harris in the Civil Division of the Superior Court of the District of Columbia ("Superior Court"). *See Suzette Grace Rodriguez v. Scott Sesson Harris*, No. 2026-CAB-003234 (ECF No. 1-1). On June 30, 2026, Defendant removed the Superior Court case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. *See* (ECF No. 1). On July 2, 2026, this Court dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 8 because the complaint was "largely unintelligible and fails to assert any factual or legal basis for relief." Order (ECF No. 4) at 2. Plaintiff was directed to file an amended complaint that complies with Rule 8 by August 3, 2026. *See id.* On July 27, 2026, Plaintiff filed an Amended Complaint, but for the reasons discussed herein, it does not heed the Court's Order.

## LEGAL STANDARDS

### I. <u>Dismissal Pursuant to Rule 12(b)(1)</u>

Rule 12(b)(1) addresses a court's subject matter jurisdiction to adjudicate a case. "Because this inquiry deals with a court's power to hear a plaintiff's claim, a Rule 12(b)(1) motion imposes

on the Court an affirmative obligation to ensure that it is acting within the scope of its authority." *Bond v. Dep't of Just.*, 828 F. Supp. 2d 60, 69 (D.D.C. 2011). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction[.]" *Id.* In response to a Rule 12(b)(1) motion, the plaintiff must establish that the court has subject-matter jurisdiction over the claims in the complaint. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008); *White v. United States*, 791 F. Supp. 2d 156, 159 (D.D.C. 2011). If the plaintiff is unable to do so, the Court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

In considering a motion under Rule 12(b)(1), a court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff. *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008). But courts are "not required . . . to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp 2d 61, 64 (D.D.C. 2001).

## II. <u>Dismissal Pursuant to Rule 12(b)(5)</u>

Rule 12(b)(5) provides for dismissal of complaints for insufficient service of process. Fed. R. Civ. P. 12(b)(5); *see Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 186 (D.D.C. 2008); *Stallard v. Goldman Sachs Grp.*, Civ. A. No. 20-2703 (RBW), 2022 WL 59395, at *4 (D.D.C. Jan. 6, 2022) (citation and internal quotation marks omitted). "Service of process is an important requirement that serves as a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021) (quoting *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (cleaned up)). Indeed, "under longstanding tradition in our system of justice, service of process is fundamental to any procedural imposition on a named defendant[.]" *Morrissey*, 17 F.4th at 1156 (cleaned up; quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). "In the absence of service of process (or waiver of

service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros*., 526 U.S. at 350.

A plaintiff has the burden of demonstrating full compliance with the rules governing service. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

**III. <u>Dismissal Pursuant to Rule 12(b)(6)</u>**

Motions to dismiss under Rule 12(b)(6) test the sufficiency of a complaint. *Smith Thompson v. District of Columbia*, 657 F. Supp. 2d 123, 129 (D.D.C. 2009). "Rule 12(b)(6) requires courts to dismiss any case wherein the plaintiff has failed to state a legal claim upon which relief can be granted. "To survive a motion to dismiss for failure to state a claim, the complaint 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.''" *Joorabi v. Pompeo*, 464 F. Supp. 3d 93, 98 (D.D.C. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When deciding a motion to dismiss under 12(b)(6), courts must construe the pleadings broadly and assume that the facts are as plaintiff alleges; however, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Joorabi*, 464 F. Supp. 3d at 98 (quoting *Iqbal*, 556 U.S. at 678). "Additionally, courts are not obligated to 'accept as true a legal conclusion couched as a factual allegation.'" *Joorabi*, 464 F. Supp 3d at 99 (citing *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

In addition, to overcome a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in accordance with Federal Rule of Civil Procedure 8(a). *See Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec.*, 507 F. Supp. 3d 228, 237-38 (D.D.C. 2020). A pleading "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains

an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal quotations omitted).

**ARGUMENT**

**I. <u>Insufficient Service of Process Warrants Dismissal.</u>**

As of the filing of this motion, Defendant has not been served with neither the original complaint filed in Superior Court, nor the Summons and Amended Complaint filed on July 6, 2026. Plaintiff's pro se status does not excuse her from complying with such procedural rules. *Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2021); *Morrissey*, 17 F.4th at 1156.

"To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). In turn, to serve the United States a party must serve (1) the U.S. Attorney's Office for the relevant District; and (2) send a copy of a summons and complaint to the Attorney General by registered or certified mail. Fed. R. Civ. P. 4(i)(1). The Rules go on to emphasize the need to serve the relevant U.S. Attorney's Office—i.e., keying the start of the Government's time to respond to a complaint to the date on which service on such Office is complete. Fed. R. Civ. P. 12(a)(2) ("The United States . . . must serve an answer to a complaint . . . within 60 days after service on the United States attorney."); *see also Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021) ("Rule 4's requirement to serve the Attorney General, the head of the Department of Justice, as well as the relevant U.S. Attorney, the local component of the Department, ensures the Department has notice and is able to provide a defense consistent with

the broader goals of the government."). Service is not effective, and this Court lacks jurisdiction, until all of these requirements have been satisfied. *Morrissey*, 17 F.4th at 1156 (quoting *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012)).

There are three methods to perfect Rule 4 service of a civil summons and complaint on the U.S. Attorney's Office for the District of Columbia:

(a) a plaintiff may have the service packaged hand delivered to the U.S. Attorney's Office;

(b) a plaintiff may have the service packed sent via registered or certified mail to the civil process clerk and service is complete upon delivery to the civil process clerk, *see Fuqua v. Turner*, 996 F.3d 1140, 1155 (11th Cir. 2021) (service by certified mail is not complete until it is received); *Carter v. Kendall*, Civ. A. No. 23-0210, 2024 WL 289332, at *5 (M.D. Ga. Jan. 25, 2024) ("The Court agrees that 'service by certified mail is not sufficient unless the recipient actually receives the mail.' . . . it makes more sense to begin the 60-day period from the date of receipt rather than mailing." (quoting *Morris v. Wilmington Sav. Fund Soc'y*, 360 F. Supp. 3d 363, 369 (W.D. Va. 2018))); or

(c) a plaintiff may effect service by electronic mail subject to the terms and conditions posted on the Office's website, which contains information on how to effect service under all three methods outlined above. Fed. R. Civ. P. 4(i)(1)(A); U.S. Attorney's Office for D.C., Civil Division, https://www.justice.gov/usao-dc/civil-division.

Importantly, a plaintiff may not effect service themselves. Fed. R. Civ. P. 4(c)(2); *see also, e.g., Staggs v. Smith & Wesson*, Civ. A. No. 21-2535 (JEB), 2022 WL 444110, at *4 (D.D.C. Feb. 14, 2022) ("[p]laintiff has failed to effect proper service under Federal Rule of Civil Procedure 4(c)(2), as [plaintiff] personally mailed the summons" (citing *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 353 (D.D.C. 2020) ("Under Federal Rule of Civil Procedure 4(c)(2), a party to the action is not qualified to effect service. That rule applies even when a plaintiff personally attempts to serve a defendant by mail."))).

A plaintiff has ninety days to effect Rule 4 service on a defendant. Fed. R. Civ. P. 4(m). After ninety days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* That said, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The decision to dismiss for lack of service or extend the service period is ultimately committed to the sound discretion of the District Court. *Morrissey*, 17 F.4th at 1156 ("we review a district court's dismissal under Rule 4(m) for abuse of discretion").

Here, Plaintiff has failed to serve the Defendant and failed to seek an extension of time supported by good cause to do so. Plaintiff's service defect warrants dismissal by itself, however, as explained in the next section it would be futile to extend the time for Plaintiff to effect service.

## II. <u>Alternatively, Plaintiff's Amended Complaint Should be Dismissed Under Rules 12(b)(1) or 12(b)(6).</u>

Alternatively, even if the Court excuses Plaintiff's failure to properly serve Defendant as is required by the Rules, the Amended Complaint should still be dismissed.

Despite entitlement to more lenient pleading standards, a pro se plaintiff still carries the burden of establishing that the Court has subject matter jurisdiction over the case. *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010). Relevant here, "[a] complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (cleaned up). Indeed, the Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Levering &*

*Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933) ("jurisdiction . . . is wanting where the claim set forth in the pleading is plainly unsubstantial"). For example, conspiracy theories qualify as "patently insubstantial" allegations and therefore "present[] no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994). "[O]bviously frivolous" claims are another category of claims that fail to support jurisdiction in federal courts. *Hagans*, 415 U.S. at 537 (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)).

These are precisely the type of allegations Plaintiff asserts here. The Amended Complaint, albeit less than a model of clarity, fails to present a viable federal question. It offers a sweeping assortment of statutory and constitutional claims without clarity or support. *See generally* Am. Compl. Plaintiff asserts theories involving homelessness, manslaughter, and mail fraud, all predicated on an unfounded conspiracy involving Defendant and the United States Postal Service. *See id*. None of these extraordinary allegations are supported by factual content. Plaintiff's incomprehensible assertions independently warrant dismissal of the claims against Defendant. *See, e.g., Akhan v. United States*, Civ. A. No. 22-3812 (TSC), 2023 U.S. Dist. LEXIS 95747, at *7 (D.D.C. June 1, 2023) (dismissing rambling complaint under both 12(b)(1) and 12(b)(6)).

The Court should also dismiss the complaint for failure to state a claim for which relief may be granted on the ground of absolute judicial immunity. "[T]he Supreme Court Clerk and the Clerk's office staff enjoy absolute immunity from a lawsuit for money damages based upon decisions falling within the scope of their official duties." *See Miller v. Harris*, 599 F. App'x 1, 1 (D.C. Cir. 2015) (per curiam) (affirming dismissal of suit against Supreme Court Clerk and Clerk's Office employees); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) ("Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process."); *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131-32 (D.D.C. 2007). Plaintiff

appears to argue that the Supreme Court Clerk's Office improperly failed to file Plaintiff's pleadings in violation of the U.S. Constitution and Supreme Court Rules, and seeks monetary damages. *See* Am. Compl. at 4-5. To the extent that Plaintiff were in the future to seek declaratory or injunctive relief, such claims would be barred for lack of subject matter jurisdiction. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (affirming dismissal of complaint where district court lacked subject matter jurisdiction to review decisions of the Supreme Court); *Reddy*, 520 F. Supp. 2d at 132-33 (dismissing claim for injunctive relief against Supreme Court Clerk, explaining that the district court"this Court "lacks subject matter jurisdiction to review any decision of the Supreme Court or its Clerk.").

* * *

## CONCLUSION

For these reasons, the Defendant respectfully requests that this case be dismissed in its entirety.

Dated: August 10, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Kimberly A. Stratton*

KIMBERLY A. STRATTON
P.A. Bar #327725
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 417-4216
kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that I cause a copy of Defendant's Motion to Dismiss and Memorandum in Support Thereof to be mailed to Plaintiff via First Class Mail on August 10, 2026, at the following address:

Suzette Grace Rodriguez
4289 Dale Road
Palm Springs, FL 33406

*/s/ Kimberly A. Stratton*
KIMBERLY A. STRATTON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZETTE GRACE RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SESSIONS HARRIS, Clerk of the Supreme Court of the United States,<br><br>Defendant. | Civil Action No. 26-2319 (DLF) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that the Amended Complaint is dismissed without prejudice.

SO ORDERED:

__________________
Date

____________________________________
Dabney L. Friedrich
United States District Judge