**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUZETTE GRACE RODRIGUEZ,<br>*Plaintiff*,<br>v.<br>SCOTT SESSIONS HARRIS,<br>*Defendant.* | No. 26-cv-02319 (DLF) |

**MEMORANDUM OPINION**

Suzette Grace Rodriguez filed this action *pro se* in the Superior Court of the District of Columbia against Scott Sessions Harris, the Clerk of the Supreme Court of the United States. Compl., Dkt. 1-1. Harris removed the case to this Court. *See* Dkt. 1. On July 2, 2026, this Court dismissed Rodriguez's complaint under Federal Rule of Civil Procedure 8(a) because it was "largely unintelligible and fail[ed] to assert any factual or legal basis for relief." Dkt. 4. The Court instructed Rodriguez that any amended complaint must "(1) allege facts that clearly identify the subject of this action, (2) connect those facts to the legal claims asserted, (3) separate each legal claim into different paragraphs that connect the relevant facts to that claim, and (4) set out this Court's jurisdiction over the claims brought." *Id.* at 2. Harris has moved to dismiss Rodriguez's amended complaint for, among other reasons, failing to comply with the Court's instructions and for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss, Dkt. 12. The Court agrees and will grant Harris's motion to dismiss.

Complaints by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* litigant, however,

must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court still struggles to discern Rodriguez's claims. As best the Court can tell, Rodriguez again appears to allege that Harris conspired with the U.S. Postal Service "to commit multiple irrelevant denials/responses, through mail fraud" that resulted in "irreparable harm of forced homelessness contributed to aggravated manslaughter for over 4 years." Am. Compl. 4. The amended complaint, however, continues to fail to specifically allege (1) the facts supporting these allegations or (2) the nature of the legal claims. Because the Rule 8 standard has not been met, Harris has not received fair notice of the claims being asserted or the basis for those claims, and thus cannot prepare an adequate response. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). And "[i]f a plaintiff has been given ample opportunity to comply with Rule 8 but fails to do so, or if the amended pleading suffers from similar insufficiencies, then it is appropriate for the Court to dismiss the case without providing another opportunity to amend." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 414 (D.D.C. 2017).

The Court also agrees with Harris that it lacks subject matter jurisdiction and thus will separately dismiss the case under Rule 12(b)(1). A complaint that lacks "an arguable basis either in law or in fact" is "frivolous," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v.*

*Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Consequently, the Court is obligated to dismiss a complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). To the extent the Court can understand the gravamen of Rodriguez's complaint, her allegations about a conspiracy between the Clerk of the Supreme Court and the U.S. Postal Service to cause her homelessness and commit manslaughter qualify as "irrational or wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court will also grant Harris's motion to dismiss for lack of jurisdiction under Rule 12(b)(1).

Although the Court will dismiss the complaint and the action, it does so without prejudice, so Rodriguez can still "correct[] the complaint's defects and fil[e] a new lawsuit." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004).

**CONCLUSION**

For the reasons stated, the defendant's motion to dismiss, Dkt. 12, is granted. A separate order consistent with this decision accompanies this memorandum opinion.

Dabney L. Friedrich

DABNEY L. FRIEDRICH
United States District Judge

August 28, 2026